IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JIMMY DORSEY THOMAS | § | |
| VS. | § | CIVIL ACTION NO.   1:22-CV-475 |
| JOHN B. STEVENS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jimmy Dorsey Thomas, a prisoner confined at the Jefferson County Correctional Facility, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Judge John B. Stevens. Plaintiff has requested leave to proceed *in forma pauperis*.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges he was charged in an indictment with felony theft after failing to return a rented water pump. Plaintiff contends that he should have been charged with theft of services instead of being charged with a felony offense. Plaintiff claims Defendant refuses to reduce Plaintiff's bond, which hinders Plaintiff from defending himself.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, causes a person to be deprived of a federally-protected constitutional right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)*; Phillips v. Monroe Cnty.*, 311 F.3d 369, 373 (5th Cir. 2002). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights,

> privileges or immunities secured by the Constitution and laws shall be liable to the party injured . . . .

42 U.S.C. § 1983.

Plaintiff has sued the judge who is presiding over his criminal proceeding. Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *see Forrester v. White*, 484 U.S. 219, 230 (1988) (holding that a state judge's dismissal of a subordinate court employee is not a judicial act entitled to absolute immunity). A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12.

The claims against Defendant concern the manner in which he is conducting Plaintiff's criminal proceedings. The actions are judicial in nature. Therefore, Defendant is immune from any claims for damages.

Plaintiff states that he filed this action seeking dismissal of his state felony charge. Generally, federal courts do not interfere with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts are barred from considering a lawsuit when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate

opportunity to raise constitutional challenges in the state proceedings. *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). If these three criteria are met, a federal court may exercise jurisdiction only if one of three exceptions applies. *Id.* A federal court may only disregard *Younger* if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the plaintiff; (2) the state statute flagrantly violates constitutional prohibitions as written and as applied in any circumstance; or (3) application of the *Younger* doctrine was waived. *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

The *Younger* abstention doctrine applies in this case because granting Plaintiff the relief he seeks would interfere with an ongoing state criminal proceeding, the state has an important interest in enforcing its criminal laws, and Plaintiff has the opportunity to raise his constitutional claims during the state proceedings. Plaintiff has not demonstrated that any of the three exceptions to abstention apply in this instance. Accordingly, to the extent Plaintiff seeks injunctive relief, this action should be dismissed. *See Bowling v. Roach*, 816 F. App'x 901, 904 (5th Cir. 2020) (noting that *Younger* applies to claims for injunctive and declaratory relief).

## Recommendation

This civil rights action should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e).

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 21st day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE